UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sean D. Washington, #337465, ) | C/A No. 9:13-2745-RMG-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden, Lee Correctional Institution ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Sean Washington, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate at the Lee Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995), *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983), and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a *pro se* petition to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972).



Even when considered under this less stringent standard, however, the undersigned finds for the reasons set forth hereinbelow that the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (outlining pleading requirements under the Federal Rules of Civil Procedure).

## DISCUSSION

According to the Petition herein (*see generally* ECF No. 1), and in reliance on the public court records of Charleston County, South Carolina,[1] on October 19, 2009, Petitioner received a ten-year sentence upon pleading guilty to armed robbery.[2] Petitioner did not file a direct appeal, and on April 28, 2010, filed an application for post conviction relief (APCR). Petitioner states that his APCR counsel advised him to withdraw this application (ECF No. 1 at 14), and on October 15, 2010, the Charleston County Circuit Court entered an order withdrawing Petitioner's APCR. On May 17, 2013, August 25, 2013, and September 25, 2013, Petitioner filed additional APCRs. The court consolidated these APCRs and, on November 6, 2013, entered a conditional order of dismissal. Those actions remain pending at this time.

---

[1] *See* http://jcmsweb.charlestoncounty.org/PublicIndex/%28X%281%29S%28lujlwcxvgx22wfyn20w5sjxf%29%29/PISearch.aspx (last visited Nov. 14, 2013). Federal courts may take judicial notice of prior proceedings in other courts of record. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (collecting cases).

[2] Petitioner avers that SCDC Classifications shows that he has also been convicted of driving under suspension, fourth, but that he does not recall pleading guilty to this additional charge. There do not appear to be records supporting such conviction on the Charleston County website.



Petitioner asks this Court to vacate his sentence based on the following claims: (i) due process violations; (ii) lack of subject matter jurisdiction; (iii) ineffective assistance of counsel; and (iv) involuntary guilty plea. Petitioner claims to have raised each of these issues in his 2013 APCRs. However, with respect to his conviction and sentence, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2241 and/or a writ of habeas corpus under 28 U.S.C. § 2254, both of which can be sought only after a petitioner has exhausted his state court remedies.[3] Title 28 U.S.C. § 2254(b) states, "An application for writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."

Petitioner has presented no evidence of an absence of available state process, and the undersigned does not find that such process is ineffective in protecting Petitioner's rights. Therefore, Petitioner's federal remedy of a writ of habeas corpus under 28 U.S.C. § 2254 can only be sought after all of his remedies in the courts of the State of South Carolina have been exhausted. *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442–43 (3d Cir. 1975). Petitioner alleges he filed three APCRs in state court in 2013, and a search of the state court's website reveals that these applications are still pending. Further, each ground for relief in this action is also raised in those APCRs. Hence,

---

[3] Exhaustion is statutorily required by 28 U.S.C. § 2254, but is a judicially-created requirement for a petition for writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2241.



Petitioner has failed to exhaust those remedies, as it is clear that Petitioner's APCRs are still pending.[4]

Further, even if petitioner's APCRs are denied or dismissed by the court of common pleas, he can file a request for writ of certiorari with the South Carolina appellate courts. *See* S.C. Code Ann § 17-27-100; *Knight v. State*, 325 S.E.2d 535 (S.C. 1985); *see also Miller v. Harvey*, 566 F.2d 879, 880–81 (4th Cir. 1977) (noting that South Carolina's Uniform Post-Conviction Procedure Act is a viable state court remedy). In fact, if petitioner's APCRs are denied by the court of common pleas, the petitioner must seek appellate review in the state courts or federal collateral review of the grounds raised in his APCRs may be barred by a procedural default. *See Woodford v. Ngo*, 548 U.S. 81, 92 (2006) (noting that a "state prisoner is generally barred from obtaining federal habeas relief unless the prisoner has properly presented his or her claims through one 'complete round of the State's established appellate review process'" (quotation omitted)); *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion).

Finally, if this federal petition were to be heard by this Court and a decision rendered on the merits, Petitioner would risk forfeiting consideration of any additional federal habeas claims arising out of his current state APCR that he may want to bring in the future, because a subsequent

---

[4] The Court may not hold the Petition in abeyance under the Supreme Court's ruling in *Rhines v. Weber*, 544 U.S. 269 (2005), as "[a] *Rhines* stay is only available for a mixed habeas petition where at least some claims have been exhausted, and none of [Petitioner's] habeas claims were exhausted." *Jones v. McDaniel*, 320 F. App'x 784, 786 (9th Cir. 2009); *see also Rhines*, 544 U.S. at 275–76 (holding that a federal district court has discretion to stay a habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance).



federal habeas petition would be successive and could constitute an abuse of the writ.[5] *See* 28 U.S.C. § 2254(b); *see also* Pub. L. No. 104-132, 110 Stat. 1214, § 104 (amending 28 U.S.C. § 2254), Rule 9(b); *McCleskey v. Zant*, 499 U.S. 467, 489 (1991) ("[A] petitioner can abuse the writ [of habeas corpus] by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.").

## RECOMMENDATION

Accordingly, it is recommended that the § 2254 Petition be dismissed without prejudice and without requiring the Respondent to file an answer or return because Petitioner has not yet exhausted his state court remedies.

Bristow Marchant
United States Magistrate Judge

November 20, 2013
Charleston, South Carolina

***Petitioner's attention is directed to the important notice on the next page.***

---

[5] There are specific time limitations for filing a habeas action in this federal court pursuant to § 2254. *See* 28 U.S.C. § 2244(d). The Court, at this time, does not consider the timeliness of the Petition, as "dismissal of a § 2254 petition for tardiness ... renders future challenges to the same conviction under § 2254 'second or successive.'" *Murray v. Greiner*, 394 F.3d 78, 79 (2d Cir. 2005); *see also In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of Mr. Rains's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive ...."); *In re Flowers* 595 F.3d 204, 205 (5th Cir. 2009) (as first § 2254 application was dismissed as time-barred, the second application was successive); *Altman v. Benik*, 337 F.3d 764, 765 (7th Cir. 2003) (per curiam) (holding that "previous untimely petition does count as a prior application").



5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

