IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2013 DEC -4  A 10: 11

| | |
|---|---|
| Sean D. Washington, ) | |
| ) | No. 9:13-cv-2745-RMG |
| Petitioner, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Warden, Lee Correctional Instution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge recommending that the Court dismiss the Petition without prejudice and without requiring the Respondent to file an answer or return (Dkt. No. 10). For the reasons set forth below, the Court agrees with and ADOPTS the R & R as the order of the Court.

## Background

Petitioner pleaded guilty to armed robbery in state court (Dkt. No. 1 at 1), and, according to state court records, was sentenced to ten years. Petitioner filed and subsequently withdrew an initial application for post conviction relief. (*Id.* at 3.) He has filed three other applications for post conviction relief that have been consolidated by the state court and are currently pending. (*Id.* at 3-4.) Petitioner then filed this Petition pursuant to 28 U.S.C. § 2254, seeking habeas relief. (Dkt. No. 1.) Because Petitioner's applications for post conviction relief are currently pending, the Magistrate Judge recommended that the petition for habeas relief be dismissed without prejudice because Petitioner has not yet exhausted his state court remedies. (Dkt. No. 10.) Petitioner filed a timely objection stating that the claims he raised in these applications have been

1

responded to by the state and that the state court has entered a conditional order of dismissal. (Dkt. No. 14.) Petitioner agrees that the state court has not yet entered a final decision. (*See id.*)

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to. *Id*; Fed. R. Civ. P. 72(b)(3). The Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

In reviewing these pleadings, the Court is mindful of Plaintiff's pro se status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate.").

## Discussion

Because Petitioner's applications for post conviction relief are still pending, he has not yet exhausted his state court remedies. *See* 28 U.S.C. § 2254(c). Thus, the Court cannot entertain his habeas petition at this time. *See* 28 U.S.C. § 2254(b)(1). The Magistrate Judge also correctly

noted that Petitioner must seek appellate review of state court proceedings or risk having federal review of his claims barred by procedural default. (*See* Dkt. No. 10 at 4.)

## Conclusion

For the reasons stated above, this case is DISMISSED without prejudice and without requiring the Respondent to file an answer or return.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

_____  
Richard Mark Gergel  
United States District Court Judge

December 4, 2013  
Charleston, South Carolina